ENCARNACIÓN ABOY DE CINTRÓN, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 1559. Argued January 19, 1944.—Decided January 25, 1944.

*Brown, González & Newsom* and *José L. Hernández* for petitioner.
*Miranda* and *Miranda Esteves* for plaintiff in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The only question to be decided in this proceeding is whether the District Court of San Juan abused its discretion in refusing to postpone the trial of a case set for January 27, to a date subsequent to February 17, 1944. The facts are as follows:

On September 14, 1942, F. Rodríguez Hnos. & Co. filed in the lower court a complaint against Encarnación Aboy widow of Cintrón, seeking the annulment of a mortgage foreclosure proceeding instituted by said defendant *eleven years* ago, that is, in 1932. On November 4, 1943, the defendant filed a motion to dismiss the complaint for failure to state a cause of action. During the pendency of said motion, Mr. José Hernández Usera, attorney-in-fact and manager of the property of the defendant, who has resided in New York since the year 1917, absented himself from Puerto Rico. It was Mr. Hernández Usera who negotiated the mortgage, then foreclosed it, and lastly managed for several years

the property awarded until he sold it. During the absence of Mr. Hernández Usera the lower court dismissed defendant's motion and on December 6 the defendant filed her answer in which, after denying the grounds of nullity alleged in the complaint and setting up several special defenses, she included a counterclaim against the plaintiff. On motion of the plaintiff the court, on December 15, set the case for trial on January 4, 1944. Thereupon the defendant requested the continuance to a date subsequent to February 17, and alleged (1) the absence of Mr. Hernández Usera in the United States on an official trip connected with his office as Consul of the Republic of El Salvador in Puerto Rico, from which trip he will not return to the island until the second fortnight of February; and (2) the fact of Mr. Hernández Usera being, as attorney in fact of the defendant since the year 1917, the only person who could testify, not only as to the subject matter of the counterclaim, but also as to his personal intervention in the foreclosure of the mortgage, and in the administration of the foreclosed property which formed part of the assets belonging to the defendant.

The plaintiff opposed the continuance sought and the lower court, granting in part the request made, postponed the trial of the case to January 27. The defendant then moved for a reconsideration of that decision and again insisted that the trial be postponed to any date subsequent to February 17 when Mr. Hernández Usera would arrive in Puerto Rico, and it was expressly alleged that his presence at the trial was not only necessary but also indispensable in order to advise counsel for the defendant during the course of the trial, and further, that he was an essential witness. After hearing the parties, the lower court denied the motion for reconsideration and ratified the setting of the case for trial on the following January 27.

In order to review the orders of the lower court refusing to grant a continuance, the defendant instituted the pres-

ent certiorari proceeding. We issued the writ and heard the interested parties.

 All the facts relied on for the continuance sought are established by the record of case No. 44,615, *F. Rodríguez Hnos. & Co.* v. *Encarnación Aboy de Cintrón,* regarding nullity of foreclosure, etc., which has been sent up by the lower court. Although Mr. Hernández Usera is not nominally the party defendant, in point of fact it is as if he were such party, inasmuch as, due to the fact the defendant in said case has been absent from Puerto Rico since 1917, he has heretofore been and still is her attorney in fact and manager of her property; and it was he who intervened in the making of the mortgage loan, in the foreclosure of the mortgage, and subsequently in the administration and sale of the house. Even though there might be some documentary evidence regarding the expenditures incurred for improvements and administration of the property foreclosed, he is the only person who could establish before the court the reasonable character of those expenditures. His presence at the trial is also necessary to advise counsel for his principal. We should not overlook the additional fact that when Mr. Hernández Usera left Puerto Rico the case was not yet ready for trial and, further, that his trip was an official one undertaken in his capacity as consul. In these circumstances, the defendant is the only party who might be prejudiced by the refusal to grant the continuance. The plaintiff would not be prejudiced in any way, since it has delayed for eleven years the bringing of its action for nullity, and it seems to us that a postponement of the trial for three weeks, more or less—from January 27 to a date subsequent to February 17—can not cause it any prejudice. We think that the lower court failed to take into consideration or to duly weigh all the attendant circumstances when it decided that the defendant should proceed to trial in this case in the absence of Mr. Hernández Usera.

In the case of *Amy* v. *District Court,* 59 P.R.R. 658, we held:

"Although the granting of a continuance is a matter which rests mainly in the sound discretion of the trial court, in cases where such discretion has been abused or exceeded, a supérior court may, on certiorari, review any order rendered to the prejudice of a party under such circumstances." (Syllabus 2.)

We further held in said case that the modern tendency of courts "is to determine cases on their merits, granting to each litigant an opportunity to fully submit his contention, thus precluding the administration of justice on the basis of chance, hazard or contingencies . . . hard to anticipate . . ." In the present case the defendant would have no opportunity to fully present and perfect her contention in the absence of her principal witness. To commence the trial in his absence only to postpone it to a subsequent date if the lower court should then deem his presence as necessary would not constitute an adequate remedy under the peculiar circumstances of this case. In point of fact it would be the same as if the party herself were absent during a part of the trial.

In our judgment, the District Court of San Juan abused its discretion in refusing to grant the continuance requested by the petitioner and, consequently, the order of December 27, 1943, setting case No. 44,615, *F. Rodríguez Hnos. & Co.* v. *Encarnación Aboy widow of Cintrón,* for trial on January 27, 1944, and the order of January 4, 1944, denying defendant's motion for reconsideration of the former order must be set aside and the case remanded to the lower court with directions to make a new setting of said case for a date subsequent to February 17, 1944.

Mr. Justice Snyder did not participate herein.